OPINION OF THE COURT
McKEE, Circuit Judge,
Denise Proctor appeals the district court’s grant of summary judgment in favor of the defendant, ARMDS, Inc., in this employment discrimination claim based on racial discrimination that Proctor brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. For the reasons that follow, we will affirm.
I.
Inasmuch as we are writing primarily for the parties who are familiar with this case, we need not recite the factual or procedural history. Our review of the grant of summary judgment is plenary. Kaucher v. County of Bucks, 455 F.3d 418, 422 (3d Cir.2006). Summary judgment is appropriate “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Fed.R.Civ.P. 56(c). To raise a “genuine” issue of fact, the record must contain evidence “such that a reasonable jury could return a verdict for the nonmoving party.” Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
Proctor alleges that there is a genuine issue of material fact regarding whether she received the same quality and amount of training as similarly situated employees outside of her protected class. However, there is no evidence that any similarly situated employee received better training. In her deposition, Proctor men *850 tioned two employees who may have attended a meeting that Proctor believed that she should also have attended. (App. 126-27). However, Proctor was unsure of the job positions of these employees, and she could not say whether they actually attended the meeting in question. “The central focus ... in a case such as this is always whether the employer is treating ‘some people less favorably than others because of then’ race, color, religion, sex, or national origin.’ ” Furnco Const. Corp. v. Waters, 438 U.S. 567, 577, 98 S.Ct. 2943, 57 L.Ed.2d 957 (1978) (quoting Teamsters v. United States, 431 U.S. 324, 335 n. 15, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977)). “If a plaintiff fails to show the existence of a similarly situated employee, summary judgment is appropriate where no other evidence of discrimination is present.” Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir.1997). Here, Proctor’s coneluso-ry allegations, unsupported by any evidence that she received less rigorous training than those who were similarly situated, fail to raise a genuine issue of material fact.
Although we note that Proctor mentions a racially charged incident involving another employee and reference to a “chimpanzee,” she does not attempt to establish the existence of a hostile work environment, and that theory of recovery is not included under the “Statement of The Issue Presented for Review” in her brief. Accordingly, Proctor’s failure to show that a white employee received more favorable treatment or training, or that such an employee received training that she was denied, is fatal to her claim of racial discrimination under Title VII.
Proctor also argues that summary judgment was improper because there are genuine issues of material fact as to whether, during her initial job interview, she told the interviewer that she had experience with Medicaid, Medicare, Social Security and Charity Care programs. According to Proctor, she merely said that she was “knowledgeable” with regard to the programs, meaning that she knew of their existence, and the interviewer took this to mean that she had experience she did not actually have working with such programs. This argument misses the point, however. In order to make out a prima facie case of disparate treatment, the plaintiff must show, among other things, “that [s]he applied and was qualified for a job for which the employer was seeking applicants.” McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). We have held that “[o]bjective job qualifications should be considered in evaluating a plaintiffs prima facie case.” Goosby v. Johnson & Johnson Medical, Inc., 228 F.3d 313, 320 (3d Cir.2000).
Here, Proctor admits that she did not have the requisite job experience actually working with Medicaid, Medicare, Social Security and Charity Care programs. Therefore, Proctor did not meet the objective qualifications for the job in question, and she failed to make out a prima facie case. Summary judgment was therefore appropriate. See, Narin v. Lower Merion School Dist., 206 F.3d 323, 332 (3d Cir.2000) (affirming summary judgment where plaintiff did not possess required teaching certificates and thus could not establish prima facie claim). We will therefore affirm the district court’s grant of summary judgment.
II.
For all of the above reasons, we will affirm the order of the district court granting summary judgment to the plaintiff.